Submitted on record and brief June 2, award of attorney fees reversed; otherwise affirmed August 2, 2006

Marian JACKSON,
*Appellant,*

*v.*

Stephen MANN
and Judy Mann,
*Respondents.*

04-P1216; A127778

140 P3d 1165

Terrence Kay filed the brief for appellant.

No appearance for respondents.

Before Haselton, Presiding Judge, and Armstrong and Rosenblum, Judges.

HASELTON, P. J.

**HASELTON, P. J.**

Plaintiff appeals from a supplemental judgment awarding defendants their costs and attorney fees, as well as a prevailing party fee, following dismissal of this action pursuant to ORCP 54 A(1). Plaintiff contends, in part, that those awards were erroneous as not being authorized "by rule or statute." ORCP 54 A(3). For the reasons that follow, we reverse the award of attorney fees and otherwise affirm.[1]

The parties, who were neighbors, became involved in a property dispute. Plaintiff, who believed that defendants were trespassing on her land, made a written demand for $5,000 in damages. Defendants refused to pay. Consequently, in April 2004, plaintiff filed an action, alleging a claim for common-law trespass, seeking, in part, $5,000 in damages as well as attorney fees.[2] The sole allegation of the complaint pertaining to attorney fees read as follows:

> "Plaintiff requests an award of her attorney's fees under ORS 46.405 based on the demand made (*see attached Exhibit 2*) and this statute."

(Italics in original.) Exhibit 2 to the complaint was a prefiling demand letter "pursuant to ORS 46.405," demanding payment of $5,000.

Defendants filed no answer. However, after plaintiff filed a motion for partial summary judgment in July 2004, defendants filed a comprehensive response to that motion, with evidentiary submissions, including survey-related materials substantiating defendants' position that they had not trespassed.

In February 2005, while the motion for summary judgment was still under advisement and before the case had been set for trial, plaintiff filed a notice of voluntary dismissal pursuant to ORCP 54 A(1)[3] and, with that notice, submitted a proposed form of judgment. The proposed judgment would

---

[1] Defendants filed no appearance on appeal.

[2] Plaintiff also sought injunctive relief.

[3] Pertinent portions of ORCP 54 A(1) are set out below.

have dismissed the case without prejudice and without any award of fees or costs.

Defendants objected to plaintiff's proposed judgment, asserting that it should be altered to name defendants as "prevailing parties" and to award them costs and attorney fees. Plaintiff responded that defendants should not be designated as the prevailing parties because they did not "prevail" and that, even if that designation were proper, defendants were not entitled to recover their costs or fees because no statute or rule authorized such a recovery.

The trial court agreed with defendants and, by interlineation, modified the proposed form of judgment to state, "defendants are the prevailing parties [and] are awarded costs and disbursements including attorney fees[.]" In a letter opinion, the trial court stated that it agreed that plaintiff was entitled to "a dismissal as a matter of right" pursuant to ORCP 54 A but that defendants were entitled to recover attorney fees for the following reasons:

> "[Plaintiff's] complaint included a request for attorney fees under ORS 46.405. If this [case] was to have gone to trial[,] the prevailing party would be entitled to attorney fees. In this situation[,] then, defendants are entitled to their reasonable attorney fees and [defendants] may proceed under ORCP 68 * * *."

Defendants then petitioned pursuant to ORCP 68 to recover their costs and attorney fees. After a hearing, the trial court awarded defendants $87.60 in "costs and disbursements," $9,182.50 in attorney fees, and $250 as the prevailing party fee.

Plaintiff appeals, renewing the arguments that she presented to the trial court. We conclude that the trial court erred in awarding attorney fees to defendants but did not err in awarding costs and disbursements and the prevailing party fee.

This action was dismissed pursuant to ORCP 54 A(1), which provides, in part, as follows:

> "[A]n action may be dismissed by the plaintiff without order of court * * * by filing a notice of dismissal with the court and serving such notice on the defendant not less than five

days prior to the day of trial if no counterclaim has been pleaded[.]"

ORCP 54 A(3) provides:

"When an action is dismissed under [ORCP 54 A(1)], the judgment may include any costs and disbursements, including attorney fees, *provided by rule or statute*. Unless the circumstances indicate otherwise, the *dismissed party shall be considered the prevailing party*."

(Emphasis added.)

Under ORCP 54 A(3), defendants, as the dismissed parties, should be designated the prevailing parties unless "the circumstances indicate otherwise." Plaintiff has not identified, and we do not discern, any such circumstances in this case. Accordingly, the trial court did not err in deeming defendants to be the prevailing parties. *See Cantua v. Creager*, 169 Or App 81, 88, 7 P3d 693 (2000).

Given that designation, defendants were entitled to recover their "costs and disbursements, including attorney fees, provided by rule or statute." ORCP 54 A(3). Thus, defendants were entitled to recover their costs ($87.60), as authorized under ORCP 68 B,[4] as well as the prevailing party fee of $250, as authorized under ORS 20.190(2) (2003).[5] The trial court did not err in that regard.

The trial court did, however, err in awarding defendants their requested attorney fees. Again, ORCP 54 A(3) provides for the allowance of attorney fees upon an ORCP 54 A dismissal only if those fees are "provided by rule or statute." That is, ORCP 54 A(3) is not a source of substantive entitlement to fees; rather, that entitlement must arise independently from some other rule or statute.

---

[4] ORCP 68 B provides that "[i]n any action, costs and disbursements shall be allowed to the prevailing party[.]"

[5] ORS 20.190(2) (2003) provides, in part:

"[I]n any civil action or proceeding in which recovery of money or damages is sought, a prevailing party who has a right to recover costs and disbursements also has a right to recover * * *:

"* * * * *

"(A) When judgment is given without trial of an issue of law or fact, $250[.]"

Here, the only basis of asserted entitlement to attorney fees alleged in the complaint and invoked by the trial court was ORS 46.405. *See* 207 Or App at 211-12. That statute pertains to the jurisdiction of small claims courts. The only reference to attorney fees in that statute is subsection (5), which provides:

> "Actions providing for statutory attorney fees in which the amount or value claimed does not exceed $750 may be commenced and prosecuted in the small claims department or may be commenced and prosecuted in the regular department of the circuit court. This subsection does not apply to an action based on contract for which attorney fees are authorized under ORS 20.082."

ORS 46.405(5). That provision does not confer any entitlement to attorney fees.[6] Accordingly, the trial court erred in awarding defendants attorney fees.

Award of attorney fees reversed; otherwise affirmed.

---

[6] At the fee hearing, defendants suggested that the reference to ORS 46.405 in the complaint was an error and that the proper reference would have been to ORS 46.465. However, nothing in ORS 46.465 would authorize an award of fees to defendants. *Accord* ORS 46.465(4)(a) (providing for award of reasonable attorney fees to a prevailing plaintiff "[i]f the defendant claims the right to a jury trial"); ORS 46.465(4)(b) (providing for award of reasonable attorney fees to a prevailing plaintiff "[i]f the defendant asserts a counterclaim that requires transfer of the matter under the provisions of ORS 46.461").